## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

THE LINCOLN NATIONAL LIFE
INSURANCE  COMPANY,

        Plaintiff,

v.

ZACHARY HARBAUGH, LIFE
CREDIT COMPANY, LLC, AND LIFE
CREDIT COLLATERAL HOLDINGS,
LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 20-CV-467-GKF-CDL

## OPINION AND ORDER

Before the court is the Motion to Deposit Funds into the Court's Registry and for Dismissal [Doc. 14] of plaintiff The Lincoln National Life Insurance Company (Lincoln).  Defendant Zachary Harbaugh has no objection to the motion.  Defendants Life Credit Company, LLC (Life Credit) and Life Credit Collateral Holdings, LLC (LCCH) have no objection to the deposit of the funds into the Court's registry, but object to Lincoln's requests to be dismissed with prejudice and for an injunction against any further action or proceedings against Lincoln "in relation to the insurance proceeds or otherwise as respects the subject policy of insurance and allegations presented in [*Zachary Harbaugh v. Life Credit Company, LLC*, Case No. 19-cv-691-JED-JFJ, a case currently pending in this court]."  [Doc. 23, p. 1].

The interpleader statute provides that a party may bring an interpleader action if the party has in its possession property valued at $500 or more to which two or more adverse claimants, of diverse citizenship, are claiming or may claim ownership.  28 U.S.C. § 1335.  Because those requirements are met in this case, interpleader jurisdiction is proper, and this court is empowered to enjoin claimants "from instituting or prosecuting any proceeding in any State or United States

court affecting the property . . . involved in the interpleader action." 28 U.S.C. § 2361. The court may then discharge an interpleader plaintiff of any further liability, thereby allowing the interpleader plaintiff to withdraw and leaving the interpleader defendants to prosecute their competing claims to the disputed property among themselves. *Id.*; *In re Millennium Multiple Emp. Welfare Benefit Plan*, 772 F.3d 634, 639 (10th Cir. 2014).

An interpleader action typically offers adverse claimants the chance to adjudicate their multiple, conflicting claims to a single *res* in a single proceeding. The situation here is a bit more complicated. Here, defendants Harbaugh and Life Credit are adverse parties in a previously-filed, collateral federal proceeding that pertains to a life insurance financing agreement designed to fund the premium payments on the Lincoln policy on the life of Harbaugh's uncle. Harbaugh alleges that Life Credit breached the agreement, made fraudulent misrepresentations in connection with that agreement, negligently overfunded the premium payments, and violated the Oklahoma Consumer Protection Act. More specifically, Harbaugh alleges the annual premium was $36,600, but that Life Credit overfunded the premium payments to the tune of $85,000 in 2017, $107,000 in 2018, and $52,000 through April of 2019. Harbaugh contends Life Credit is charging him 18.9% interest compounded daily and that it overfunded the premium payments "in order to rapidly increase [his] debt." *See* Petition, Doc. 2-2, Case No. 19-cv-691-JED-JFJ (N.D. Okla.). Life Credit has counterclaimed for breach of contract and fraud, alleging that Harbaugh failed to provide annual policy statements to Life Credit as required by the agreement and that Harbaugh made misstatements and omissions upon which Life Credit relied. As a result, Life Credit made certain loan advances to Harbaugh. Life Credit alleges that Harbaugh's outstanding balance was, as of October 14, 2020, at least $583,500.47. It further alleges the life insurance financing agreement includes a Secured Promissory Note dated February 16, 2017, thereby implying that

2

the proceeds of the life insurance policy secure payment of the note.  *See* Counterclaim, Doc. 21, Case No. 19-cv-691-JED-JFJ, (N.D. Okla.).

In objecting to dismissal of Lincoln with prejudice and enjoining any claims/action against Lincoln, defendants Life Credit and LCCH argue that "allegations have been presented which suggest [Lincoln's] own actions and/or omissions have caused not only injury/damages at issue in the Harbaugh Lawsuit but also the dispute as to 'how the Policy Benefit should be paid' which has been put at issue in this interpleader action." [Doc. 23, p. 3].   In its Answer filed in this action, Life Credit and LCCH "deny that [Lincoln] is a mere stakeholder as it provided information to Defendants regarding premiums necessary to keep the Policy in effect, the very issue giving rise to Harbaugh's Petition . . . ." [Doc. 13, ¶ 32].  Though Life Credit and LCCH argue that Lincoln's actions are "significantly intertwined" with both the Harbaugh lawsuit and this interpleader action, they have not brought a counterclaim in this action nor have they sought to join Lincoln as a party in the Harbaugh lawsuit.

After careful review and consideration of the briefs and the filings in this case, the court concludes that Lincoln lacks any interest in the funds it seeks to interplead.  In that sense, it is a disinterested shareholder entitled to discharge of further liability in any proceeding that are both related to and asserted against those specifically identified funds, and the defendants shall be enjoined from instituting any action in state or federal court affecting the policy proceeds.  The scope of the injunction, however, extends only that far—the injunction shall not enjoin further claims against Lincoln outside the subject matter of this interpleader action.  In drawing that distinction, the Court relies on the Tenth Circuit's decision in *In re Millennium Multiple Emp. Welfare Benefit Plan,* wherein the panel explained:

in *Knoll v. Socony Mobil Oil Co.*, we reversed a district court's injunction enjoining further claims against the interpleader plaintiff outside of the interpleader action, stating, "In an interpleader action, . . . jurisdiction extends only to the fund deposited with the court." 369 F.2d 425, 429 (10th Cir. 1966), *overruled on other grounds by Liberty Nat'l Bank & Trust Co. of Okla. v. Acme Tool Div. of the Rucker Co.*, 540 F.2d 1375 (10th Cir. 1976); *see also N. Nat. Gas Co. v. Grounds*, 292 F.Supp. 619, 640 (D. Kan. 1968), *aff'd in part, rev'd in part on other grounds*, 441 F.2d 704 (10th Cir. 1971) ("In interpleader actions, . . . the subject matter of the action is not a set of facts, a transaction or occurrence which gives rise to the litigation, but *a specific identified fund or property*. Claims must not only relate to that property, but be asserted against it. . . ." (internal quotation marks omitted) (emphasis added)).

772 F.3d 634, at 640 (10th Cir. 2014). Accordingly, the injunction to be entered here will not enjoin claims, if any be brought by Life Credit and LCCH against Lincoln "outside of the interpleader action," including a claim or claims premised on the allegation that Lincoln provided information to those entities regarding premiums necessary to keep the Policy in effect.[1]

The Court is inclined to stay this action pending resolution of the claims in the Harbaugh lawsuit. That topic will be a matter of discussion at the upcoming Scheduling Conference previously set on January 25, 2021.

WHEREFORE, the Motion to Deposit Funds into the Court's Registry and for Dismissal [Doc. 14] of plaintiff The Lincoln National Life Insurance Company is granted.

IT IS FURTHER ORDERED that Lincoln shall deposit into the registry of this Court the sum of $1,000,000.00, plus all applicable interest, by check made payable to the Clerk of this

---

[1] The Court does not intend to suggest that any such claims would have merit. In Life Credit's Counterclaims against Harbaugh in the Harbaugh lawsuit, Life Credit alleges that Lincoln "provided exclusively to Harbaugh annual Policy statements and other information regarding the Policy," and that "Harbaugh did not provide the annual Policy statements and other information to Life Credit as required by the Secured Promissory Note." *See* Doc. 21, ¶¶ 4, 5, Case No. 19-cv-691. The allegations appear difficult to square with Life Credit and LCCH's argument here that Lincoln provided information to them regarding premiums necessary to keep the Policy in effect.

Court, representing the death benefit under a life insurance policy bearing policy number JJ7056512 insuring the life of George Nolley, Jr., and the Clerk of this Court shall accept such check and shall deposit such funds into the registry of the Court.  Said funds shall be placed in an interest-bearing account and held until further order of the Court.

IT IS FURTHER ORDERED that, upon receipt of the funds by the Clerk of this Court, Lincoln, as a disinterested stakeholder to those funds, shall be dismissed from this action with prejudice and discharged from any further liability with respect to claims that are both related to and asserted against those specifically identified funds.  Said dismissal with prejudice shall not apply to any claim or claims defendants Life Credit Company, LLC and/or Life Credit Collateral Holdings, LLC may bring in connection with their allegation that Lincoln provided information to them regarding premiums necessary to keep the life insurance policy in effect.

IT IS FURTHER ORDERED that defendants in this action are hereby enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the specifically identified property involved in this action.  The defendants are also enjoined from pursuing any further action or proceedings against Lincoln with respect to the property and the policy benefits involved in this action.  Said injunction shall not apply to any claim or claims defendants Life Credit Company, LLC and/or Life Credit Collateral Holdings, LLC may bring in Case No. 19-cv-691-JED-JFJ, entitled *Zachary Harbaugh v. Life Credit Company, LLC.,* in connection with their allegation that Lincoln provided information to them regarding premiums necessary to keep the life insurance policy in effect.

IT IS FURTHER ORDERED that counsel presenting this order shall serve a copy on the Court Clerk or the Chief Deputy personally.  Absent this service the Clerk is hereby relieved of any personal liability relative to compliance with this order.

IT IS SO ORDERED this 7th day of January, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE